UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01531-JPH-MG |
| | ) | |
| BLAISE Ofc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff Kevin Bennett is a prisoner currently incarcerated at Pendleton
Correctional Facility.  He filed this 42 U.S.C. § 1983 civil action, alleging that
Defendants violated his constitutional rights by using excessive force and
failing to provide adequate medical care while he was incarcerated at the
Marion County Jail.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is
frivolous or malicious, fails to state a claim for relief, or seeks monetary relief
against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  To
determine whether the complaint states a claim, the Court applies the same
standard as when addressing a motion to dismiss under Federal Rule of Civil
Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).
Under that standard, a complaint must include "enough facts to state a claim
to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual

1

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Bennett names four defendants in his complaint, in their official and individual capacities: (1) Deputy Detention Officer Blaise; (2) Deputy Detention Officer Adeyeye; (3) Dr. Deion, and (4) Dr. Irena. He bases his complaint on the following allegations, which are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

On May 8, 2024, Mr. Bennett's arm was outside the cuffport of his cell because he had just received his medication from a nurse. He asked Deputy Blaise to call a supervisor, but Deputy Blaise refused and instead grabbed Mr. Bennett's arm and pulled. Mr. Bennett tried to pull away, but Officer Adeyeye joined Officer Blaise and pulled Mr. Bennett's arm further, twisting it. Mr. Bennett reached his other arm out of the cuffport, and Officer Adeyeye grabbed it, pulling and twisting it, too. Mr. Bennett then heard a pop in his right arm and screamed in pain. The officers told him that they didn't care and continued to pull on Mr. Bennett's arms for approximately five minutes. The officers eventually allowed him to pull his arms back in his cell and laughed at him. After the encounter, Mr. Bennett was in excruciating pain and was unable to move or bend his right arm.

The next day, Mr. Bennett asked a nurse to see the doctor and requested x-rays because he believed his arm might be broken.  She told him that Dr. Deion said that he must leave suicide watch, where he was housed at the time, in order to be seen and get an x-ray.  Mr. Bennett was then moved from suicide watch to a segregation cell, but no appointment was scheduled.  About 10 days later, Mr. Bennett saw Dr. Deion when returning to his cell from a different appointment and asked if he was aware that Mr. Bennett had submitted medical request forms complaining about a possible broken arm and excruciating pain.  Dr. Deion responded that he knew about the request forms and "[I]f you haven't been seen, what makes you would be seen now?"  Dkt. 1 at 4 (error in original).  He also said he did not care that Mr. Bennett was in excruciating pain.

Mr. Bennett then saw Dr. Irena and also asked to schedule an appointment with her due to his pain.  She responded that everyone knew about his pain and medical requests, but refused to see him, stating, "[I]t's been two weeks since the incident so heal up on your own!"  *Id.*

Mr. Bennett finally saw a different doctor, at which point he was given pain medication and an x-ray for his arm.  Dr. Deion's and Dr. Irena's refusal to treat him delayed his care by about two weeks.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, some claims will proceed, and some claims will be dismissed.

First, any official capacity claims against the defendants are **dismissed for failure to state a claim upon which relief** can be granted. "[D]efendants are immune from suit under § 1983 for monetary damages in their official capacities[ ]" because such claims are barred by the Eleventh Amendment to the United States Constitution and the doctrine of sovereign immunity. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (quoting *Brown v. Budz*, 398 F.3d 904, 917–18 (7th Cir. 2005)).

Individual capacity Fourteenth Amendment claims **will proceed** against Deputy Blaise and Deputy Adeyeye based on Mr. Bennett's allegations that they used excessive force. Individual capacity Fourteenth Amendment claims **will also proceed** against Dr. Deion and Dr. Irena based on Mr. Bennett's allegations that they denied him medical care for two weeks following his injuries.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through August 18, 2025,** in which to file a motion to reconsider the screening order.

### IV. Conclusion and Service of Process

The following claims **shall proceed** in this action: (1) Fourteenth Amendment excessive force claims against Deputy Blaise and Deputy Adeyeye in their individual capacity, and (2) Fourteenth Amendment failure to provide

adequate medical care claims against Dr. Deion and Dr. Irena in their individual capacity. All other claims have been dismissed.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer Blaise, Officer Adeyeye, Dr. Deion, and Dr. Irena in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 7/22/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KEVIN BENNETT
220783
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Officer Blaise
Marion County Jail
675 Justice Way
Indianapolis, IN 46203

Officer Adeyeye
Marion County Jail
675 Justice Way
Indianapolis, IN 46203

Dr. Deion
WellPath, LLC
c/o Registered Agent: Corporate Creations Network, Inc.
8520 Allison Pointe Blvd # 220
Indianapolis, IN, 46250, USA

Dr. Irena
WellPath, LLC
c/o Registered Agent: Corporate Creations Network, Inc.
8520 Allison Pointe Blvd # 220
Indianapolis, IN, 46250, USA